JANET BLACK, PETITIONER-DEFENDANT, v. TOWNSHIP OF CEDAR GROVE, RESPONDENT-PROSECUTOR.

Submitted January 16, 1940—Decided April 16, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the petitioner-defendant, *Edwin James O'Brien.*

For the respondent-prosecutor, *James J. Skeffington.*

The opinion of the court was delivered by

PORTER, J.   This writ of *certiorari* brings up for review a judgment of the Essex County Court of Common Pleas on an appeal from an award of the compensation bureau.

The sole question for our determination is the interpretation of the statute in the calculation of awards to one totally dependent and others partially dependent in a workmen's compensation case.

Sylvester Black, the husband of petitioner defendant, met his death accidently while employed by respondent prosecutor.   His weekly wages were $33.46.   The petitioner defendant was totally dependent and it is agreed is entitled to the amount awarded her, thirty-five per cent. of his wages of $33.46, $11.71 weekly for 300 weeks.

The bureau found that there were three grandchildren of decedent, members of his household and partially dependent on him, toward whose support he contributed $10 per week. The award of the bureau for them was a figure arbitrarily arrived at based on the theory that the statute made no provision for the method of calculation where, as here, there were both total and partial dependents.   The Pleas, Judge Flanagan, affirmed the award but reversed as to the amounts to the grandchildren.   He found that the statute, *R. S.* 34:15-13, did provide for compensation for both total and partial dependents in the same case and that in calculating the awards the percentage of the amount of the wages allowed the total dependent was not to be deducted in computing the percentage allowed those partially dependent.   The statute, *supra,* clearly provides in subdivision (a) that "for one dependent thirty-five per cent. of wages."   As stated, there is no dispute that the petitioner defendant's judgment is properly calculated on that basis.   The controlling subdivision, (g) of the statute, provides that as to persons partially dependent (grandchildren in this case) the compensation "shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages  *  *  *."   It is to be noted that the statute does no provide for the deduction of the percentage which may have been awarded to a

totally dependent person but clearly awards to the partially dependents the percentage which the contribution bears to the *total* wages. The judgment of the Pleas was based on that theory, the court saying "In the present case I find that the decedent contributed $10 per week to the support of his three partially dependent grandchildren. His earnings I find to be $33.46 per week, so that his contribution to their weekly support was twenty-nine and eighth-tenths per cent. of his weekly wages. The percentage specified in the schedule for three total dependents is forty-five per cent. of wages, and I find that twenty-nine and eight-tenths of forty-five per cent. is thirteen and four-tenths per cent., so that the three partially dependent grandchildren are entitled weekly to thirteen and four-tenths per cent. of $33.46, which amounts to $4.48 weekly."

A consideration of the entire statutory plan and intent leads us to the conclusion that this method of calculation is sound rather than the method urged by the respondent prosecutor, namely, that there should first be deducted the percentage of the amount to which the totally dependent is entitled.

The judgment is affirmed, with costs.